IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD ROMERO**,

    Petitioner,

v.                                             **CIVIL NO. 04-0220 JB/RHS**

**HARRY TIPTON, et al,**

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Respondent's Answer and Motion to Dismiss filed March 31, 2004 [Doc. No.7 ]. The United States Magistrate Judge, having reviewed the Petition, the Answer and the accompanying exhibits, finds that the Motion to Dismiss is well taken and recommends that it be granted without prejudice to allow Petitioner to exhaust all his claims in the courts of the state of New Mexico. The United States Magistrate Judge recommends that the motion for appointment of counsel be denied.

### Proposed Findings

1. Petitioner is currently incarcerated in a New Mexico correctional facility pursuant to the Judgment, Partially Suspended Sentence and Commitment to Bernalillo County Detention Center, dated August 16, 2000 in Cause No. CR 99-3781. Petitioner is proceeding pro se and in forma pauperis.

2. Petitioner, a bail bondsman, was convicted by a jury of kidnaping (2nd degree) and extortion (3rd degree) committed against a client for whom Petitioner had posted bond. (Answer,

Exhibit A).

3. Petitioner was sentenced to ten (10) years including one year of mandatory incarceration for firearm enhancement. The Court suspended all of the sentence with the exception of the mandatory firearm enhancement and ordered that the sentence be followed by five years probation. (Answer, Exhibit A)

4. On February 27, 2004 Petitioner filed an Application for a Writ of Habeas Corpus pursuant to 28 U. S. C. §2254 in the United States District Court for the District of New Mexico presenting the following grounds for relief:

(A) ineffective assistance of trial counsel due to failure to interview witnesses;

(B) ineffective assistance of trial counsel due to failure to investigate the law; and

(C) ineffective assistance of both trial and appellate counsel due to conflicts of interest.

5. Respondent answered and moved to dismiss on March 31, 2004, asserting that the Petition is a mixed petition containing exhausted and unexhausted claims and therefore should be dismissed without prejudice under 28 U. S. C. §2254( b)( 1)( A). [Doc. No. 7]. Respondent argues that although the first two issues were previously considered by the state court on direct appeal or in Petitioner's two state habeas petitions, Petitioner's third claim was never presented in state court.

6. The exhaustion doctrine as codified in 28 U.S.C. §2254(c) is rooted in considerations of federal-state comity and seeks to allow states the opportunity to correct constitutional errors prior to federal intervention. Picard v. Connor, 404 U.S. 270 (1971). Under this doctrine, a state prisoner must generally exhaust available state court remedies before filing a habeas corpus action in federal court. See Hernandez v. Starbuck, 69 F.3d 1089, 1092-93 (10th Cir.1995), cert. denied, 517 U.S. 1223, 116 S.Ct. 1855, 134 L.Ed.2d 954 (1996).

7. When a federal district court is presented with a habeas petition which contains both exhausted claims and unexhausted claims, the general rule is that the federal district court should dismiss the Petition without prejudice so that Petitioner may exhaust his claims in the state courts. See Rose v. Lundy, 455 U. S. 509, 519 ( 1982). Although the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U. S. C .§ 2254 (b)( 2) does allow the federal district court to deny an application on the merits notwithstanding the failure to exhaust the remedies available in the state court, this option is reserved for applications in which all the claims are clearly without merit. Hoxsie v. Kerby, 108 F. 3d 1239, 1242-43 (10th Cir. 1997), cert. denied, 522 U. S. 844 (1997). On the limited facts presented in the Petition, this Court cannot determine that the claims asserting ineffective assistance of counsel due to conflicts of interest are clearly without merit.

8. Mr. Romero's Petition clearly contains both exhausted and unexhausted claims. The Magistrate Judge therefore recommends that it be dismissed without prejudice to allow Petitioner the opportunity to pursue the unexhausted claim in state court.[1]

### Recommendation

I recommend that the Respondent's Motion to Dismiss [Doc. No. 7] be GRANTED and that this cause be DISMISSED WITHOUT PREJUDICE.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district

---

[1] Petitioner may choose to delay his federal habeas petition pending the exhaustion of all of his claims, with an eye toward the one-year statute of limitation that still applies to all the claims in his petition, including the one that has already been exhausted. 28 U.S.C. § 2244(d)(1) & (2). If Petitioner opts to amend the petition to abandon the unexhausted claim, he risks the loss of the chance to present that claim at a later time. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), cited in Clark v. Tansy, 13 F.3d 1407, 1409 (10th Cir. 1993).

court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

                                         */s/ Robert Hayes Scott*
                                         ROBERT HAYES SCOTT
                                         UNITED STATES MAGISTRATE JUDGE